UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANTHONY THOMPSON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:08-CR-48-TAV-CCS-5 |
| | ) | 3:16-CV-328-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 593].[1] The United States responded in opposition on August 29, 2016 [Doc. 605]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, Petitioner's § 2255 motion [Doc. 593] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In 2009, Petitioner pled guilty to conspiring to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), and conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h) [Doc. 254]. He went on to "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," but for claims of ineffective assistance or prosecutorial misconduct [*Id.* ¶ 13(b)].

Based on two prior Tennessee convictions for aggravated assault [Presentence Investigation Report (PSR) ¶¶ 50, 51], and one prior Tennessee conviction for sale of cocaine

---

[1] On February 11, 2016, Federal Defender Services of Eastern Tennessee (FDSET) was appointed for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on the *Johnson* decision. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition.

[*Id.* ¶ 52], the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with a corresponding Guideline range of 262 to 327 months' imprisonment [*Id.* ¶¶ 43, 93]. On August 4, 2010, this Court granted the United States' motion for downward departure pursuant to Section 5K1.1 and sentenced Petitioner to an aggregate term of 144 months' imprisonment [Doc. 425]. No direct appeal was taken and Petitioner's conviction became final for purposes of § 2255(f)(1) on August 18, 2010, at expiration of time to file an appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed).

The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the instant petition for collateral relief less than one year later on June 14, 2016 [Doc. 593 (challenging his career offender enhancement)].

## II.   TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because Petitioner has knowingly and voluntarily waived the right to collaterally challenge his sentence.

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the

3

entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV. ANALYSIS

Petitioner articulates a single ground for relief, arguing that the *Johnson* decision removed aggravated burglary and solicitation of first-degree murder from Section 4B1.2's definition of "crime of violence" and that, without those convictions, he lacks sufficient predicate offenses for career offender enhancement [Doc. 593 (challenging use of aggravated assault offenses)].[2] The United States opposes the requested relief for three reasons: Petitioner waived the right to collaterally challenge his sentence in his plea agreement; the new "rule" created by extension of the *Johnson* decision to the Guideline context has not been "made"

---

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

retroactively applicable to cases on collateral review; and both aggravated assault convictions remain crimes of violence under the Guidelines use-of-physical-force clause [Doc. 605]. Because this Court agrees that Petitioner has waived his right to litigate the instant collateral challenge, it declines to reach the second and third issues—retroactive application of the *Johnson* decision in the Guideline context and categorization of Petitioner's aggravated assault convictions as crimes of violence.

**A.     Waiver**

It is well established that an informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *United States v. McGlivery*, 403 F.3d 361, 363 (6th Cir. 2005). The Sixth Circuit recently held that the same is true even where that waiver prevents a petitioner from challenging his base offense level or career offender enhancement based on the *Johnson* and *Pawlak* decisions. *See In re Garner*, No. 16-1655, 2016 WL 6471761, at *1–2 (6th Cir. Nov. 2, 2016) (denying leave to file a successive petition challenging career offender enhancement based on the *Johnson* and *Pawlak* decisions where defendant voluntarily waived his right to raise collateral challenges).

"The Federal Rules of Criminal Procedure give the parties ample room to tailor plea agreements to different needs—whether they are the right to appeal, the right to benefit from future changes in the law or other concerns that the defendant . . . may have." *United States v. Bradley*, 400 F.3d 459, 466 (6th Cir. 2005). For purposes of the instant case, Petitioner "knowingly and voluntarily" waived his right to collaterally challenge his sentence with the exception of cases which involve claims of ineffective assistance or prosecutorial misconduct

5

[Doc. 254 ¶ 13(b)]. The fact that "developments in the law [have] expand[ed] [Petitioner's forfeited] right [of collateral review] . . . does not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *United States v. McGlivery*, 403 F.3d 361, 363 (6th Cir. 2005). In light of the binding nature of Petitioner's wavier, the instant § 2255 motion will be dismissed. *Accord United States v. Avery*, No. 3:16-cv-2, 2016 WL 7467967, at *4–6 (S.D. Ohio Dec. 28, 2016) (denying *Johnson*-based challenge based on pre-*Johnson* waiver); *United States v. Strauss*, No. 16-cv-11397, 2016 WL 68733398, at *2–3 (E.D. Mich. Nov. 2, 2016) (same); *United States v. Muller*, No. 16-cv-20009, 2016 WL 6892268, at *2–3 (E.D. Mich. Nov. 2, 2016) (same).[3]

## V. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 593] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the

---

[3] While this Court recognizes that other Courts within this district have repeatedly stated that it is "far from clear" that waiver of the right to collaterally challenge a sentence can be enforced to bar challenges based on the *Johnson* decision, *Mefford v. United States*, No. 3:15-cv-575, 2016 WL 1737094, at *1, n. 1 (E.D. Tenn. May 2, 2016); *Cox v. United States*, No. 3:15-cv-362, 2016 WL 552350, at *1, n. 1 (E.D. Tenn. Feb. 10, 2016); *Nance v. United States*, 3:15-cv-387, 2016 WL 527193, at *1, n. 1 (E.D. Tenn. Feb. 9, 2016), each of those cases alleged improper categorization under the ACCA. Unlike mistaken enhancement under the ACCA, improper career offender or base offense level enhancement does not result in a sentence "in excess of the maximum authorized by law." *See, e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 WL 6506506, at *14 (W.D. Ky. Nov. 7, 2008) (explaining that knowing and voluntary waivers are enforceable so longs as they do not result in a miscarriage of justice and that a miscarriage of justice arises where the sentence imposed exceeds the statutory maximum permissible).

denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE